HONG KONG & S. BANKING CORP. *v.* CAMPBELL *et al.*

(*Supreme Court, General Term, First Department.* December 29, 1890.)

GARNISHMENT—EXAMINATION OF GARNISHEE.

> Under Code Civil Proc. N. Y. § 651, allowing an examination, in attachment, of a person required to give a certificate concerning property of or debts due the defendant, on affidavit, "that there is reason to suspect that a certificate given by him is untrue, or that it fails fully to set forth the facts required to be shown thereby," an order for such examination of an agent of defendants was made, on the ground that certain money was owing from him to them. It appeared that, in actions between him and plaintiff and its agent concerning the same money, it had been established that he was not indebted to the defendants in the attachment in any sum. *Held,* that this was ground for vacating the order for his examination.

Appeal from special term, New York county.

Action by the Hong Kong & Shanghai Banking Corporation against Thomas H. Campbell and others. Under a warrant of attachment against the property of defendants, the sheriff applied to William B. Cooper, Jr., for a certificate of the property, debts, and demands belonging to the defendants in the hands of said Cooper, who thereupon gave a certificate that he had no such property, and was not indebted to them in any sum whatever. Plaintiff then obtained an order for the examination of Cooper, on an affidavit averring that his certificate was untrue, which order was afterwards vacated on motion by Cooper. Plaintiff appeals from the order vacating the order for such examination.

Code Civil Proc. N. Y. § 651, provides that if a person to whom application is made for such a certificate, as prescribed in the preceding section, "refuses to give such a certificate, or if it is made to appear, by affidavit, to the satisfaction of the court or a judge thereof * * * that there is reason to suspect that a certificate given by him is untrue, or that it fails fully to set forth the facts required to be shown thereby, the court or judge may make an order directing him to attend, at a specified time, and at a place within the

county to which the warrant is issued, and submit to an examination, under oath, concerning the same."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Redfield & Redfield,* (*Amasa A. Redfield,* of counsel,) for appellant. *Platt & Bowers,* (*John M. Bowers,* of counsel,) for respondent Cooper.

BRADY, J. The application for the examination of Mr. Cooper was made under section 651 of the Code, relating to proceedings under attachments, which provides that, if it is made to appear by affidavit to the satisfaction of the court or a judge thereof that there is reason to suspect that a certificate given is untrue, the court or judge may make an order directing the person giving such certificate to attend at a specified time and place and submit to examination, under oath, concerning the same. It was therefore incumbent upon the plaintiff, after the certificate had been delivered by Mr. Cooper, to show to the satisfaction of the court that the certificate was untrue. It may be, as suggested by the counsel for the respondent, that a *prima facie* case was made when the affidavit upon which the order was first obtained was presented to Justice INGRAHAM. The motion to vacate, however, was made on an affidavit of Mr. Cooper, and a prior order vacating an order for his examination at the instance of the same plaintiff, and other papers which were submitted with such affidavit. On these papers, Justice BEACH, having the whole subject before him, arrived at the conclusion that there was not only no reasonable ground to suspect the certificate to be untrue, but that in two litigations, one of which went to the court of appeals, Cooper's right to the ownership of the fund which it was charged he had received had been substantially established. The allegation in the affidavit upon which the order for Mr. Cooper's examination was obtained is to the effect that between June, 1884, and May, 1890, he had received large consignments of goods for account of his principals, inferentially the attachment debtors, and sold the same and received the proceeds thereof, amounting to over $200,000. The affidavit was made by Mr. Redfield, who proceeds to state his knowledge thus: "Deponent has knowledge of the foregoing facts from the testimony of Cooper himself in two certain actions brought in this court, and finally determined; that by the final judgment of the court in said action the amount of said surplus, to-wit, fourteen thousand and odd dollars, was awarded to the said Cooper as against the plaintiff, with the distinct proviso that such award should be without prejudice to any claim thereto against said attaching debtors or their assignee or their creditors." The affiant proceeds to say further that "he believes that such fourteen thousand and odd dollars, together with a sum not less than twenty-five thousand dollars, the proceeds of the other cargoes of sugar and hemp above referred to, is now due and owing from Cooper to the attachment debtors." It is quite apparent that the foundation for granting the order was the $14,000, no facts being set out to justify the belief that Mr. Cooper held in his hands any other money belonging to the defendants against whom the attachment was issued. Mr. Cooper's affidavits in response to this, and upon which in part it was sought to have the order for his examination vacated, shows that in June, 1889, the presiding justice of this court vacated a kindred order, without prejudice to the rights of the plaintiff to renew on further affidavits, and paying $10 costs. These costs have never been paid. He further alleges that the question as to the fund of $14,000 was determined in an action brought by the plaintiff herein against him, and which went to the court of appeals, and is reported in 114 N. Y. 388, 21 N. E. Rep. 994. It is also alleged by Mr. Cooper that it became necessary for him, in order to recover the $14,000, to show that the defendants in this action were indebted to him in an amount exceeding that sum, and not he to them, and a finding to the effect appears to have been made by a referee, as shown by his affidavit. It also appears that Mr. Cooper brought an action against the agent of the

plaintiff and another concerning the fund of $14,000 mentioned, the right to which was litigated by the plaintiff in the action reported in volume 114 of the New York Reports, and volume 21 of the Northeastern Reporter, as already stated, and the plaintiff's agent also contested Mr. Cooper's right to the fund in the action which was commenced by him as just mentioned. Justice LAWRENCE, in the course of his opinion in that case, said that, while the court of appeals in the case *supra* was careful to decide that it did not pass upon the rights of Cooper as against his principals or their representatives, it was distinctly held that, as between the banking corporation and Cooper, the latter was entitled to the fund; and the attempt of the banking corporation subsequently to come in as a creditor of Martin, Dyce & Co. or Martin, Turner & Co. appeared to be an attempt to avoid the effect of that direct adjudication. And Justice BEACH, in disposing of the motion from which this appeal has sprung, refers to these two cases, namely, the case of *Banking Corp.* v. *Cooper*, reported, as already stated, in 114 N. Y. and 21 N. E. Rep.; to the action brought by Cooper against Palmer and others for the recovery of the deposit; and to the opinion of Justice LAWRENCE reported in the New York Law Journal of April 26, 1890; and, upon the effect of them, vacated the order for the examination, it appearing, as he no doubt held, from these litigations and from the allegation made by Mr. Cooper in response to the charges made against him, that he was not indebted to the attachment debtors in any sum whatever, but that they appeared to be indebted to him.

The learned counsel for the appellant seems to be under the impression that on a motion such as this the court has the power, and it becomes its duty, to investigate and determine the truth of the allegation that the person proceeded against is a debtor, or has property of the attached debtors, and therefore insists that the judgments referred to affecting the ownership of the fund of $14,000, already mentioned, are of limited range, and only decide the question of ownership as between the plaintiff in this action and Mr. Cooper, leaving the question of his indebtedness to the firms already mentioned, and who are the debtors of the plaintiff, untouched by any decision affecting them in that relation. Assuming this to be so, and that the 651st section of the Code substantially so declares, nevertheless such investigation must rest upon the falsity of the certificate, unless a refusal be made to give one. There must be reason to suspect that the certificate given was untrue, or that it fails fully to set forth the facts required to be shown. There should appear at least in the attempted enforcement of such assumed remedy, first, that there is reason to believe the debtor has property belonging to the debtors in the attachment, and that the person proceeded against has not given a truthful certificate in relation to it, or that the certificate itself fails fully to set forth the facts required to be shown. In this case, under all the facts and circumstances disclosed on behalf of Mr. Cooper, there seems to be no satisfactory reason for suspecting that the certificate given by him is untrue; and therefore the disposition of the motion in the court below was correct.

It appears from the note to the section of the Code referred to, in Throop's edition of the Code, that it was prepared as a substitute for the remainder of the section as it formerly existed, the design being to change the rule which was then laid down in several cases that the substantial effect of the previously existing section was that, if the certificate were given, there could be no examination, even although it were false. It is somewhat embarrassing to know exactly what disposition to make of such an application as this, where there are facts and circumstances, coupled with the denial of the person proceeded against, tending to show that there is no property in his possession belonging to the debtor. The proceeding is collateral and despotic, inasmuch as the person proceeded against, when the statute is enforced, is to be interrogated about the claim, subject to all the machinery of the law in that regard in a proceeding in which he is neither plaintiff nor defendant, but in which his

examination can be used against him. It would seem that a very strong case should be presented before such scrutiny should be allowed. Indeed, some proceeding in the name of the attached debtors should be required to be inaugurated in order that the issues, whatever they might be, as to the ownership of the property supposed to be held, could be determined in the ordinary course of procedure to which litigants are subjected. Under all the circumstances presented and discussed, therefore, it is thought that the order appealed from should be affirmed, with $10 costs and the disbursements of the appeal.

BRADY, J., concurs.

DANIELS, J. I agree to the result.